# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **J.C. PENNEY CORPORATION, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Civil Action No.: 1:19-cv-560-KOB** |
| ) | |
| **OXFORD MALL, LLC** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OPINION

When he submitted his final annual report to Congress on December 5, 1876, President Ulysses S. Grant attached a handwritten note: "Mistakes have been made, as all can see and I admit."[1] Thus one of the most ubiquitous phrases in American politics was born.

This matter is before the court on Defendant Oxford Mall's "Motion to Alter or Amend the Order on J.C. Penney's Breach of Contract Claim (Count II)." (Doc. 91). In essence, Oxford Mall tells the court that "mistakes were made" during its briefing process for summary judgment—and now it wants the court to revise its summary judgment order as to one claim. During briefing for summary judgment, Oxford Mall says it failed to properly point the court to the operative Exhibit B of the parties' lease, a site plan of Quintard Mall. (Doc. 91). The language of note 5 on the operative Exhibit B, according to Oxford Mall, determines whether Oxford Mall breached the parties' contract by beginning redevelopment on Quintard Mall without J.C. Penney's approval. (*Id.*).

---

[1] Mark Memmott, It's True: 'Mistakes Were Made' Is the King of Non-Apologies, NPR (May 14, 2013, 1:59 PM), https://www.npr.org/sections/thetwo-way/2013/05/14/183924858/its-true-mistakes-were-made-is-the-king-of-non-apologies.

**I.     Background**

In December 2019, the parties in this case filed cross-motions for summary judgment. (Docs. 59, 61). J.C. Penney moved for partial summary judgment on its claim for declaratory judgment (Count I) regarding its options to extend the lease at issue, or, alternatively, on its claim for reformation of the lease to reflect J.C. Penney's remaining options to extend the lease (Count IV), as well as summary judgment on its claim that Oxford Mall breached the lease by engaging in redevelopment activities without J.C. Penney's consent (part of Count II). (Doc. 59). Oxford Mall moved for summary judgment as to all of J.C. Penney's claims and for its counterclaim against J.C. Penney for unlawful detainer. (Doc. 61). In August 2020, the court granted summary judgment to J.C. Penney on its claim for declaratory judgment regarding its options to extend the lease but denied summary judgment as to all other claims as to both parties. (Doc. 87, 88).

Oxford Mall now asks the court to reconsider its summary judgment order as it relates to Breach of Contract (Count II) of Plaintiff J.C. Penney's Amended Complaint. (Doc. 91). In its motion for reconsideration, Oxford Mall states that because of the case's "many distractions, and the back and forth amongst the parties," it "fail[ed] to appropriately highlight for the Court's benefit one singularly important document"—the operative Exhibit B of the parties' lease. The operative Exhibit B, Oxford Mall argues, gives it the "right to change the general layout and make alterations to the shopping center." Because Oxford had the right to renovate the mall, Oxford argues, it did not breach the parties' contract when it razed the Sears building at Quintard Mall without J.C. Penney's consent. (*Id.*).

Plaintiff J.C. Penney filed a response to Defendant's motion to alter or amend the order,

2

and Defendant filed a reply. (Docs. 95, 96). The motion is now ripe for review. For the reasons set forth below, the court DENIES the motion for reconsideration.

## II. Standard of Review

### A. Rule 59 (e)

Under the Federal Rules of Civil Procedure, a party may file a motion to alter or amend a judgment within 28 days of the judgment's entry. Fed. R. Civ. P. 59(e). "The decision whether to alter or amend a judgment pursuant to Rule 59(e) is 'committed to the sound discretion of the district judge.'" *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (citation omitted). A motion to alter or amend "is not to serve as a vehicle to relitigate old matters or present the case under a new theory . . . [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Mincey*, 206 F.3d at 1137 n. 69 (internal quotations and citations omitted). The Eleventh Circuit recognizes two grounds for granting a Rule 59 motion: "(1) newly-discovered evidence and (2) manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

## III. Discussion

Oxford Mall presents neither ground recognized by the Eleventh Circuit for granting a Rule 59 motion, and thus the court denies its motion for reconsideration.

### A. The Operative Exhibit B

In Count II of the Amended Complaint, J.C. Penney alleges that "Oxford Mall breached the Lease by performing certain work on the Shopping Center, including certain alterations, demolitions, and expansions of the Shopping Center . . . without J.C. Penney's approval." (Doc. 29 at ¶ 54). In its memorandum opinion on the cross-motions for summary judgment, the court

found that genuine issues of material fact "preclude[d] summary judgment on the issue of whether Oxford Mall's redevelopment actions constituted a breach of the contract because the extent of the redevelopment actions, and J.C. Penney's involvement, remain[ed] unclear." (Doc. 87).

In its motion for reconsideration, Oxford Mall argues that it is entitled to summary judgment on the breach of contract claim because of the operative Exhibit B to the parties' lease. (Doc. 91). The operative Exhibit B—a site plan for Quintard Mall—includes several boilerplate notes that were not included on earlier versions of Exhibit B. Note 5 of the operative Exhibit B states that the landlord may change the "common areas as the landlord shall deem proper" and gives the landlord the "right to change the general layout" of the building. Unlike previous versions of the site plan, the operative Exhibit B also fails to label any areas as "Air Conditioned Mall." Oxford Mall argues that J.C. Penney cannot show a breach of contract under the operative Exhibit B. (*Id.*).

Oxford Mall explains that it did not raise the point about the operative Exhibit B earlier because the document was identified too late in the game. According to Oxford Mall, J.C. Penney failed to produce the operative Exhibit B as part of the parties' lease or as an attachment to a May 27, 2003 agreement that amended the parties' lease. (Doc. 91 n.1). Rather, J.C. Penney produced the operative Exhibit B ("JCPenney_2298") without context with copies of other, non-operative site plans on September 24, 2019, referring to it as "[a] copy of an additional fold-out that is dated May 14, 2003." (Doc. 96). Oxford Mall did not know that "JCPenney_2298" was the operative Exhibit B until J.C. Penney's corporate representative, Brad Syverson, identified it as such at his November 11, 2019 deposition. Mr. Syverson testified that he did not believe

4

anything was substantially different about the operative Exhibit B from the previous Exhibit B, which was attached to the Eighth Amendment to the lease. (*Id.*). Oxford Mall did not inspect the operative Exhibit B and referred to Exhibit B to the Eighth Amendment of the parties' lease as the operative Exhibit B throughout its motion for summary judgment.

When Oxford Mall received J.C. Penney's evidentiary submission for its motion for summary judgment, Oxford Mall says it enlarged the operative Exhibit B and noticed the language of Note 5. (Doc. 91). Oxford Mall tells the court that it raised the significance of note 5 in its reply to its motion for summary judgment but "with all of the briefing on the various motions . . . [it] may have failed to focus the Court's attention to this dispositive issue." (*Id.*). Oxford Mall says it could not have alerted the court to note 5 in its own motion for summary judgment "due to JC Penney's concealment of information and the document never having been produced as an attachment to the relevant agreement." (Doc. 96).

B. No Newly-Discovered Evidence

The Eleventh Circuit recognizes newly-discovered evidence as one of two grounds for granting a Rule 59(e) motion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Oxford Mall contends that the operative Exhibit B constitutes newly-discovered evidence because J.C. Penney concealed the significance of the document during discovery and did not produce it as part of the parties' lease or as an attachment to the May 27, 2003 e-mail agreement. (Doc. 91).

In its response to the motion for reconsideration, J.C. Penney argues that Oxford Mall had the operative Exhibit B as of September 14, 2019, that it knew of the operative Exhibit B's significance as of November 11, 2019, and that despite both of those facts, Oxford Mall took the position in its motion for summary judgment that the site plan attached to the lease's Eighth

5

Amendment, dated February 1, 1997, was the operative site plan and made arguments based upon *that* site plan. (Doc. 95). J.C. Penney argues that Oxford Mall adopted a new theory based on the operative Exhibit B in its reply brief to its motion for summary judgment. (*Id.*).

A Rule 59(e) motion can not be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). "[N]ewly discovered evidence does *not* include evidence that was already presented to the trial court, evidence that a party already had possession of but chose not to present, or even evidence that could have been reasonably discovered during the pendency of the case through the exercise of due diligence." *Morris v. Precoat Metals*, 2013 WL 830869, at *1 (N.D. Ala. March 4, 2013).

First the court notes how strange it is that Oxford Mall did not have its own copy of the parties' operative lease prior to discovery. Second, the court finds that the operative Exhibit B does not constitute newly-discovered evidence.

While it may be true that Oxford Mall did not notice and read the notes on the operative Exhibit B before submitting its own motion for summary judgment, the operative Exhibit B/site plan was in Oxford Mall's possession, and Oxford Mall might have discovered the notes if it had inspected the document more closely when it was produced on September 24, 2019 or when it was identified as the operative Exhibit B on November 11, 2019. If Oxford Mall suspected that J.C. Penney had concealed the significance of "JCPenney_2298" when it was identified as the operative Exhibit B on November 11, 2019, it could have brought the issue to the court's attention then. Because Oxford Mall had the operative Exhibit B in its possession and knew its significance as of November 11, 2019—several weeks before it filed its motion for

6

summary judgment on December 2, 2019—and because both parties submitted the operative Exhibit B to the court during the summary judgment process, it could not constitute new evidence.

C. No Manifest Error of Law or Fact

The Eleventh Circuit recognizes manifest errors of law or fact as a second ground for granting a Rule 59(e) motion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Oxford Mall contends that its motion for reconsideration is also justified under this ground. (Doc. 91). According to Oxford Mall, note 5 of the operative Exhibit B is "dispositive of Oxford Mall's right to change the general layout and make alterations to the shopping center." Oxford Mall argues that under the operative Exhibit B, it did not breach the lease, and thus the court's refusal to grant summary judgment in its favor as to the breach of contract claim constitutes a manifest error of law. (*Id.*).

A manifest error is an "error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Manifest Error, Black's Law Dictionary (11th ed. 2019). But no manifest error exists here.

As stated above, a motion for reconsideration is not meant to give parties "another bite at the apple." *Mincey*, 206 F.3d at 1137 n. 69 (internal quotations and citations omitted). "A party normally waives its right to argue issues not raised in its initial brief." *McGinnis v. Ingram Equipment Co., Inc.*, 918 F.2d 1491, 1496 (11th Cir. 1990). Here, Oxford Mall possessed the operative exhibit B and knew that it was the operative Exhibit B before filing its motion for summary judgment. Oxford Mall did not raise the issue about note 5 until its reply brief for its motion for summary judgment. By the time Oxford Mall raised the issue about note 5, it was too

late to raise the issue. In its motion for reconsideration, Oxford Mall simply regurgitates arguments it raised in its reply brief—which were not timely made. The court properly decided summary judgment based upon the arguments and evidence it had before it.

Because the court finds no manifest error of law or fact exists, it need not delve into the contract interpretation principles J.C. Penney raises in its response. (Doc. 95). Even if the court considered those principles, genuine issues of material fact exist as to whether Oxford Mall breached the parties' contract by going further than Exhibit B would allow. For example, genuine issues of material fact exist as to whether demolishing an anchor tenant would fall under making changes to the "general layout." The parties can debate whether note 5 of the operative Exhibit B was incorporated into the parties' lease, whether the operative Exhibit B was intended to change the parties' bargain, and how note 5 interacts with the plain language of the lease at trial. The court will not give Oxford Mall a "second bite at the apple" now; Oxford Mall has failed to show a manifest error of law or fact.

## IV. Conclusion

For the reasons discussed, the court finds that Oxford Mall has neither raised newly-discovered evidence nor shown manifest errors of law or fact. The court thus **DENIES** Oxford Mall's motion for reconsideration.

DONE and ORDERED this 24th day of November, 2020.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE